# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2 C 6531 | DATE | 3/22/2004 |
| CASE TITLE | | United Van Lines vs. Robert Rapp | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: We grant the motion for summary judgment file by plaintiff [20-1]. Judgment is hereby entered in favor of United Van Lines, LLC in the amount of $7,220.13 plus pre-judgment interest and costs in the amount of $287.00. This case is hereby terminated. This is a final and appealable order.

m(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 2 4 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | GMA | 24 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED VAN LINES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 02 C 6531 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| ROBERT RAPP, | ) | District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the motion of Plaintiff United Van Lines, Inc. ("United") for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion is granted.

BACKGROUND

The material facts are undisputed. United is an interstate motor carrier of household goods and furnishings. On or about July 13, 2001, Defendant Robert Rapp entered into and accepted a Bill of Lading contract with United for the interstate shipment of Rapp's cargo from Barrington, Illinois to Scottsdale, Arizona. The Bill of Lading designated United as the carrier and Rapp as the shipper. On or about July 20, 2001, United delivered Rapp's property to the designated address in Scottsdale, Arizona. At that time, Rapp executed the Bill of Lading as consignee, acknowledging delivery of the goods and United's performance of its duties under the contract. United's total tariff charges for the shipment of Defendant's property amounted to $17,559.10. At the time the contract was signed and prior to the shipment, Rapp prepaid

$1,915.10. At the time the goods were delivered, Rapp paid $8,423.87. Thus, in total, Rapp has paid United $10,338.97, leaving an unpaid balance of $ 7,220.13.

United filed the instant action to collect the outstanding tariff charges. United has now moved for summary judgment. In response to the summary judgment motion, Rapp argues that when the goods were delivered, he believed that the amount he was paying was payment in full for all services. Rapp argues that the payment which United is now requesting is more than the estimate he was quoted by United.

## DISCUSSION

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001).

As an interstate motor carrier of household goods, United is subject to the provisions of the Interstate Commerce Commission Termination Act of 1996, 49 U.S.C. § 13101 et seq. (the "Act"). Under the Act, a motor carrier like United is required to publish its rates for interstate transportation of household goods in a tariff filed with the Interstate Commerce Commission and is required to charge and collect rates for transportation in strict accordance with the filed tariff.

49 U.S.C. § 13702(a)(2). The filed rate cannot be varied by a separate agreement of the parties, nor can payment of the rate charged in accordance with the filed tariff be avoided by reason of equitable defenses. See 49 U.S.C. § 13702(c); *Maislin v. Primary Steel*, 497 U.S. 116, 127 (1990).

In this case, the Bill of Lading for Rapp's property, signed by Rapp as shipper and consignee acknowledging delivery of the goods, expressly and clearly sets forth his liability for applicable tariff charges. The Bill of Lading incorporates by reference United's published tariffs. Thus, the documents Rapp signed as shipper and consignee clearly set forth his liability for applicable tariff charges. Rapp may not avoid his liability to United for the tariff charges based on the fact that the estimate which United provided was less. The estimate for services Rapp was quoted was based on an order for service to transport 12,800 pounds of property. Rapp, in fact, tendered 30,860 pounds of property to be transported.

In sum, the tariff charges for services rendered to Rapp are recoverable from him as the consignee or shipper, and pursuant to the terms of the Bill of Lading and United's published tariffs incorporated therein by reference. Moreover, Rapp cannot, and has not, argued that payment for all of United's services has been made, that the services were not rendered, or that the services were charged under an inapplicable tariff schedule.

For these reasons, summary judgment is granted in United's favor.

## CONCLUSION

For the foregoing reasons, we grant the motion for summary judgment filed by Plaintiff United Van Lines, LLC (# 20-1). Judgment is hereby entered in favor of United Van Lines, LLC

3

in the amount of $ 7,220.13 plus pre-judgment interest and costs in the amount of $ 287. This case is hereby terminated. This is a final and appealable order.

                                                                   Wayne R. Andersen
                                                                   United States District Judge

Dated: March 22, 2004